UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRAKL, INCORPORATED,<br><br>        Plaintiff,<br><br>   v.<br><br>VTEX COMMERCE CLOUD SOLUTIONS LLC, TYLER GREFF, ANDREW BROWNELL, JEREMY BLANFORD, GEORGE JUH-WEI CHANG, JOSEPH LEE, TIMOTHY SHAWN COCHRAN, AND KEVIN GREGORY YEE.<br><br>        Defendants. | Civil Action No. 20-cv-11836 |

## <u>DEFENDANTS' MOTION FOR A PROTECTIVE ORDER</u>

Pursuant to Federal Rule of Civil Procedure 26(c) and M.G.L. ch. 93, § 42D(b), VTEX Commerce Cloud Solutions, LLC, Tyler Greff, Timothy Cochran, Kevin Yee, Jeremy Blanford, George Chang, Joseph Lee, and Andrew Brownell (collectively, "Defendants"), submit this Motion for a Protective Order.   A proposed order is attached hereto as Exhibit 1.  In support of Defendants' Motion, Defendants include an accompanying Memorandum of Law, and the Declaration of Julianne M. Landsvik.

Massachusetts law requires that "*[b]efore commencing discovery* relating to an alleged trade secret, the party alleging misappropriation shall identify the trade secret with sufficient particularity." M.G.L. ch. 93, § 42D(b) (emphasis added).  Courts regularly grant protective orders prohibiting discovery until a plaintiff identifies its alleged trade secrets with particularity.  *See, e.g.*, *Alnylam Pharms., Inc. v. Dicerna Pharms., Inc.*, 2016 WL 4063565, at *2 (Mass. Super. Apr. 6, 2016) (citing *Microwave Research Corp. v. Sanders Assoc.*, 110 F.R.D. 669, 672 (D. Mass.

1986)); *L–3 Comm. Corp. v. Reveal Imaging Technologies, Inc.*, 18 Mass. L. Rptr. 512, at *13 (Mass. Sup. Ct. 2004).

Mirakl has ignored this straightforward requirement.  Defendants have repeatedly requested this identification but Mirakl has refused to provide any identification.  Instead, Plaintiff served hundreds of discovery requires on Defendants, totaling nearly 550 requests for production and 145 interrogatories.  These requests additionally violate Local Rule 26.1(c) which, absent a court order, limits the number of interrogatories and requests for production that a party may serve.

Defendants have good cause for a protective order because (1) Mirakl has refused to meet its statutory obligation before it can compel discovery from Defendants on its trade secret claim; (2) complying with the law would be low-cost for Mirakl, whereas unfettered discovery would be exorbitant for Defendants; and (3) Mirakl has issued voluminous requests that directly violate Massachusetts Local Rules.

For these reasons, and the reasons described in the accompanying Memorandum of Law, the Court should enter the proposed protective order, attached hereto as Exhibit 1.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants request a hearing on this motion. Defendants believe that oral argument will assist the Court in resolving the issues presented in this motion.

Dated: May 7, 2021

Respectfully Submitted,

/s/ Adam S. Gershenson
Adam S. Gershenson, Bar No. 671296
agershenson@cooley.com
Bronwyn Roberts, Bar No. 638179
broberts@cooley.com
COOLEY LLP
500 Boylston Street
14th Floor
Boston, MA  02116-3736
Telephone:   +1 617 937 2300
Facsimile:    +1 617 937 2400

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Bronwyn L. Roberts, hereby certify that pursuant to Local Rule 7.1(a)(2), counsel for

Defendants conferred in good faith with counsel for Plaintiff in an effort to resolve or narrow the

issues presented in this motion.

/s/ Bronwyn L. Roberts

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 7th day of May 2021 this document filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

/s/ Adam S. Gershenson