UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRAKL, INCORPORATED,<br><br>        Plaintiff,<br><br>   v.<br><br>VTEX COMMERCE CLOUD<br>SOLUTIONS LLC, TYLER GREFF,<br>ANDREW BROWNELL, JEREMY<br>BLANFORD, GEORGE JYH-WEI CHANG,<br>JOSEPH LEE, TIMOTHY SHAWN<br>COCHRAN, AND KEVIN GREGORY YEE.<br><br>        Defendants. | Civil Action No. 20-cv-11836 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A
<u>PROTECTIVE ORDER</u>**

# TABLE OF CONTENTS

**Page**

RELEVANT PROCEDURAL BACKGROUND ........................................................................ 2

ARGUMENT ............................................................................................................................. 3

    I.       MIRAKL HAS FAILED TO IDENTIFY ITS TRADE SECRETS WITH
SUFFICIENT PARTICULARITY. ........................................................................ 3

          A.    To Protect Defendants, Massachusetts Requires Claimants to
Identify Trade Secrets Before Discovery. ................................................... 3

          B.    Mirakl Pleaded a Claim Under the Massachusetts Trade Secret
Statute But Has Not Identified Its Trade Secrets with Particularity. ......... 4

    II.     DEFENDANTS WOULD SUFFER UNDUE BURDEN IF THE COURT
DOES NOT ISSUE A PROTECTIVE ORDER. .................................................... 7

    III.    MIRAKL'S DISCOVERY SETS EXCEED EXPLICIT LIMITS SET BY
THE LOCAL RULES. ........................................................................................ 10

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

## Cases

*Advanced Modular Sputtering, Inc. v. Superior Ct.*,
   132 Cal. App. 4th 826 (2005) .........................................................................5, 8, 9

*Alnylam Pharms., Inc. v. Dicerna Pharms., Inc.*,
   2016 WL 4063565 (Mass. Super. Apr. 6, 2016)................................................4

*AutoMed Tech., Inc. v. Eller*,
   160 F. Supp. 2d 915 (N.D. Ill. 2001) ................................................................6

*Avaya Inc. v. Cisco Sys., Inc.*,
   2011 WL 4962817 (D.N.J. Oct. 18, 2011)........................................................6

*Brescia v. Angelin*,
   172 Cal. App. 4th 133, 150 (2009) ...................................................................5

*Coda Dev. S.R.O v. Goodyear Tire & Rubber Co.*,
   2019 WL 6219745 (N.D. Ohio Nov. 21, 2019) ................................................6

*Comput. Economics, Inc. v. Gartner Group, Inc.*,
   50 F. Supp. 2d 980 (S.D. Cal. 1999)..............................................................3, 5

*Content Management Associates, Inc. v. FMR LLC*,
   No. 1:10-cv-11364-GAO (D. Mass. Feb. 13, 2012) .........................................9

*DeRubeis v. Witten Tech., Inc.*,
   244 F.R.D. 676 (N.D. Ga. 2007).......................................................................6

*Gabriel Technologies Corp. v. Qualcomm Inc.*,
   2012 WL 849167 (S.D. Cal. Mar. 13, 2012) ....................................................5

*Giasson Aerospace Science, Inc. v. RCO Eng'g*,
   2009 WL 1384179 (E.D. Mich. 2009) ..............................................................6

*Global ePoint, Inc. v. GTECH Corp.*,
   2015 WL 113979 (D.R.I. Jan. 8, 2015) ...........................................................10

*Iconics, Inc. v. Massaro*,
   266 F. Supp. 3d 449 (D. Mass. 2017) ...............................................................4

*Ikon Office Sol., Inc. v. Konica Minolta Bus. Sol. USA, Inc.*,
   2009 WL 4429156 (W.D.N.C. 2009) ................................................................6

**TABLE OF AUTHORITIES**
**(Continued)**

Page

*L–3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.*,
   No. 10–cv–02868–MSK–KMT (D. Col. Oct. 12, 2011) ........................................................6

*L–3 Comm. Corp. v. Reveal Imaging Technologies, Inc.*,
   18 Mass L. Rptr. 512 (Mass. Sup. Ct. 2004) .......................................................3, 4

*Leucadia, Inc. v. Applied Extrusion Tech., Inc.*,
   755 F. Supp. 635 (D. Del. 1991).....................................................................6

*Loop Al Labs Inc. v. Gatti*,
   2015 WL 9269758 (N.D. Cal. Dec. 21 2015)............................................................5

*Microwave Research Corp. v. Sanders Assoc.*,
   110 F.R.D. 669 (D. Mass. 1986).......................................................................4

*Morrison v. Stephenson*,
   2008 WL 145017 (S.D. Ohio Jan. 10, 2008) ............................................................10

*Navigation Holdings, LLC v. Molavi*,
   445 F. Supp. 3d 69 (N.D. Cal. 2020) ................................................................6

*Perlan Therapeautics, Inc. v. Superior Ct.*,
   178 Cal. App. 4th 1333 (2009) ......................................................................4, 7, 8

*Porous Media Corp. v. Midland Brake, Inc.*,
   187 F.R.D. 598 (D. Minn. 1999).....................................................................6

*Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*,
   2012 WL 3113162 (D. Conn. July 31, 2012) ............................................................6

*Storagecraft Tech. Corp. v. Symantec Corp.*,
   2009 WL 361282 (D. Utah Feb. 11, 2009) .............................................................6

*Switch Comm. Group v. Ballard*,
   2012 WL 2342929 (D. Nev. June 19, 2012)...........................................................6, 9

*United Servs. Auto. Ass'n v. Mitek Sys., Inc.*,
   289 F.R.D. 244 (W.D. Tex. 2013), *aff'd* 2013 WL 1867417 (W.D. Tex. Apr.
   24, 2013) ............................................................................................8

*Vendavo, Inc. v. Price f(x) AG*,
   2018 WL 1456697 (N.D. Cal. Mar. 23, 2018)............................................................6

**TABLE OF AUTHORITIES**
**(Continued)**

Page

*Vesta Corp. v. Amdocs Mgmt. Ltd.*,
  147 F. Supp. 3d 1147 (D. Or. 2015) ........................................................................8

*X6D Limited v. Li-Tek Corporations Company*,
  2012 WL 12952726 (N.D. Cal. Aug. 27, 2012) ........................................................3

*Zenimax Media, Inc. v. Oculus Vr., Inc.*,
  2015 WL 11120582 (N.D. Tex. Feb. 13, 2015)........................................................9

**Statutes**

M.G.L. ch. 93, § 42D(b) ..................................................................................1, 2, 3, 4

**Other Authorities**

49 Mass. Prac., Discovery § 3:9 ..........................................................................7

Cal. Civ. Prac. Business Litigation § 66:47 ..........................................................7

L.R. 26.1 .............................................................................................................2, 10

Defendants are prepared to commence discovery on every claim in the case—but Mirakl refuses to follow the explicit statutory requirement to let that happen.  Massachusetts law provides that "**before commencing discovery** relating to an alleged trade secret, the party alleging misappropriation shall identify the trade secret with sufficient particularity."  M.G.L. ch. 93, § 42D(b) (providing that claimants "must state with reasonable particularity the circumstances" of any misappropriation, "including the nature of the trade secrets and the basis for their protection"). This identification must come before discovery because the identification of actual, specific trade secrets defines "the appropriate parameters of discovery" and enables "other parties to prepare their defense." *Id.*  Defendants have repeatedly requested this identification but Mirakl has refused every time, and instead seeks to launch a fishing expedition with nearly 550 requests for production, and 145 interrogatories.

Defendants have good cause for a protective order because (1) Mirakl has refused to meet its statutory obligation to permit discovery on its trade secret claim; (2) complying with the law would be low-cost for Mirakl, whereas unfettered discovery would be exorbitant for Defendants; and (3) Mirakl has issued voluminous requests that directly violate Massachusetts Local Rules.

The statutory requirement is not a mere formality.  Mirakl has gestured vaguely at thousands of documents, invoked categories of materials rather than actual trade secrets, and now demands wildly expansive—and expensive—discovery.  Blessing such an approach would directly contravene the Massachusetts statute, impose needless costs on Defendants, usher in boundless discovery, and invite future plaintiffs to make up their case as they go along.  Instead, the Court should issue a Protective Order to ensure discovery proceeds reasonably and properly as required under Massachusetts law.[1]

---

[1] For convenience, VTEX has provided a Proposed Order, attached to this Motion as Exhibit 1.

## **RELEVANT PROCEDURAL BACKGROUND**

In October 2020, Plaintiff filed suit, alleging trade secret misappropriation without identifying a single document in question. ECF No. 1. Nearly two months later, citing dubious forensics on devices Mirakl had already possessed for many months, Mirakl suddenly claimed that "hundreds" and "thousands" of documents were downloaded at unidentified times to unidentified devices.[2] *See* ECF No. 19 ("FAC") at ¶¶ 83, 117, 160. But other than listing ten (10) filenames and providing brief descriptions of a handful of additional documents, Plaintiff again failed to identify any alleged trade secrets.

Plaintiff moved for expedited discovery, but again failed to identify even the names of the allegedly downloaded documents, much less its alleged trade secrets. *See* ECF No. 23. In opposing expedited discovery, Defendants raised that Plaintiff had failed to identify its trade secrets, specifically citing the requirements of M.G.L. ch. 93, § 42D(b). ECF No. 34 at 4. Nevertheless, in the months that followed, Plaintiff never deigned to remedy its noncompliance.

Instead of serving a particularized identification of its trade secrets, on April 27, 2021, Plaintiff propounded voluminous discovery on Defendants. Plaintiff served eight sets of requests for production of documents, totaling 548 requests. These requests violated Local Rule 26.1(c), which limits requests for production to two sets "for each side." Plaintiff also served 145 interrogatories. These requests *also* violated Local Rule 26.1(c), which limits interrogatories to 25 per side. *Id.*; *see* Declaration of Julianne M. Landsvik ("Landsvik Decl."), at ¶ 3.

On May 5, 2021, Defendants conferred to give Mirakl a chance to cure these violations. Plaintiff still refused to comply, which required the instant motion.

---

[2] Plaintiff's claims that "hundreds" or "thousands" of documents were downloaded by each of the Defendants are misplaced, as there is nothing to show any such volume of documents were downloaded *to anything other than their Mirakl device*, in the course of their work for Mirakl. *See* ECF No. 35 (Declaration of Shaun R. Vodde).

## ARGUMENT

### I. MIRAKL HAS FAILED TO IDENTIFY ITS TRADE SECRETS WITH SUFFICIENT PARTICULARITY.

#### A. To Protect Defendants, Massachusetts Requires Claimants to Identify Trade Secrets Before Discovery.

Massachusetts has long required a trade secret plaintiff to reasonably identify its trade secrets before it may obtain discovery related to trade secret misappropriation. *See, e.g., L–3 Comm. Corp. v. Reveal Imaging Technologies, Inc.*, 18 Mass. L. Rptr. 512, at *13 (Mass. Sup. Ct. 2004) (granting protective order and requiring Plaintiff "to serve on the defendants a statement specifically identifying those trade secrets that form the basis of their trade secret misappropriations claims *before any discovery may be had on those claims*") (emphasis added). Massachusetts codified this common law requirement in the Massachusetts Trade Secrets Act ("MTSA"). M.G.L. ch. 93, § 42D(b) provides, "[b]efore commencing discovery relating to an alleged trade secret, the party alleging misappropriation shall identify the trade secret with sufficient particularity under the circumstances of the case to allow the court to determine the appropriate parameters of discovery and to enable reasonably other parties to prepare their defense."[3]

This protection is essential because "[p]recise identification of the alleged trade secrets is a crucial component of trade secret litigation . . . Otherwise, a trade secret litigation plaintiff may alter its list of trade secret claims as the case proceeds, leaving defendants spending months disproving one set of allegations only to face a new, replacement set as the close of discovery

---

[3] Defendants propounded discovery requests in order to protect their rights, but expressly preserved and did not waive their argument that Plaintiff is precluded from commencing discovery pursuant to Section 42D. In any event, Section 42D by its terms applies to plaintiffs and not to defendants. *See id.* (imposing requirement solely on "the party alleging misappropriation"); *see also X6D Limited v. Li-Tek Corporations Company*, 2012 WL 12952726, at *8 (N.D. Cal. Aug. 27, 2012) (same under analogous California statute); *Comput. Economics, Inc. v. Gartner Group, Inc*., 50 F. Supp. 2d 980, 984 (S.D. Cal. 1999) (same).

nears." *Iconics, Inc. v. Massaro*, 266 F. Supp. 3d 449, 456 (D. Mass. 2017) (internal citation and quotations omitted).   "Moreover, the burden of time and expense to respond to discovery propounded by the plaintiff in a trade secrets case should be circumscribed by what the plaintiff fairly and specifically claims are the stolen trade secrets." *Alnylam Pharms., Inc. v. Dicerna Pharms., Inc.*, 2016 WL 4063565, at *2 (Mass. Super. Apr. 6, 2016) (citing *Microwave Research Corp. v. Sanders Assoc.*, 110 F.R.D. 669, 672 (D. Mass. 1986)).

**B.**   **Mirakl Pleaded a Claim Under the Massachusetts Trade Secret Statute But Has Not Identified Its Trade Secrets with Particularity.**

In the FAC, Mirakl invokes the Massachusetts trade secret statute.  FAC at ¶ 175.  Despite numerous requests by Defendants, however, Mirakl has defied the statutory requirement to identify with "sufficient particularity" its trade secrets before commencing discovery.  *See* M.G.L. ch. 93, § 42D(b).  This case is no longer at the motion to dismiss stage.  Discovery is set to begin in this dispute that concerns eight defendants.  Mirakl has identified just ten (10) documents at issue and referenced a handful of others.  Mirakl has not even connected that paltry set of documents to any specific trade secrets, much less set forth the parameters of its trade secret claim to shape and define discovery.

Under such circumstances, where plaintiffs have not identified trade secrets with specificity, courts in Massachusetts have repeatedly granted protective orders.  *See, e.g.*, *Alnylam*, 2016 WL 4063565, at *2-3 (party served separate identification statement, but court granted protective order and stayed discovery because identification statement was inadequate); *L-3*, 2004 WL 2915743, at *13 (same).  Courts in California have done the same under that state's analogous statute.  *Perlan Therapeautics, Inc. v. Superior Ct.*, 178 Cal. App. 4th 1333, 1337-38 (2009);

*Advanced Modular Sputtering, Inc. v. Superior Ct.*, 132 Cal. App. 4th 826, 831 (2005).[4]  Federal courts have recognized that state law requirements for pre-discovery identification of trade secrets are applicable in federal actions under the *Erie* doctrine because they are substantive and not procedural.  *See Loop AI Labs Inc. v. Gatti*, 2015 WL 9269758 (N.D. Cal. Dec. 21 2015); *Gabriel Technologies Corp. v. Qualcomm Inc.*, 2012 WL 849167, at *3–4 (S.D. Cal. Mar. 13, 2012); *Computer Economics, Inc. v. Garter Grp., Inc.*, 50 F. Supp. 2d 980 (S.D. Cal. 1999).

Mirakl has failed to provide *any* identification statement, let alone an adequate one.  This alone mandates the relief requested by Defendants here.  Courts have repeatedly rejected arguments that a plaintiff may satisfy this disclosure requirement merely by pointing to the pleadings.  *See Loop AI Labs*, 2015 WL 9269758, at *4 (holding "designation of certain paragraphs in pleadings and declarations is no substitute for specifically identifying and describing the actual claimed trade secrets in order to permit [defendants] to ascertain at least the boundaries within which the secret[s] lie[]") (internal quotations omitted); *Brescia v. Angelin*, 172 Cal. App. 4th 133, 150 (2009) (affirming trial court's determination that  disclosure consisting of descriptions in cross-complaint and identification of documents in discovery was "inadequate").  *Gatti* is instructive—there, the court rejected an attempt by plaintiff to merely point to paragraphs in pleadings, and instead ordered plaintiff to file a "thorough and complete" statement "identifying the specific trade secrets at issue." 2015 WL 9269758 at *4.  This Court should do the same.

Numerous other states impose a similar identification requirement via common law, and there is a "growing consensus" for pre-discovery trade-secret identification to prevent plaintiffs like Mirakl from "mold[ing] their claims around the discovery they receive." *Coda Dev. S.R.O v.*

---

[4] California is the only other state with a statutory requirement for pre-discovery identification of trade secrets while many others do so through the common law.  California's statute is akin to Massachusetts and has been in existence longer than Massachusetts' 2018 law, so its well-developed jurisprudence on the subject is particularly instructive.

*Goodyear Tire & Rubber Co.*, 2019 WL 6219745, at *4 (N.D. Ohio Nov. 21, 2019) (collecting cases); *Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, 2012 WL 3113162, at *l–2 (D. Conn. July 31, 2012) (entering protective order until plaintiff identified its trade secrets, to prevent plaintiff from "unfairly backfill[ing] its claim."); *Porous Media Corp. v. Midland Brake, Inc.*, 187 F.R.D. 598, 600 (D. Minn. 1999) ("[O]rdering the listing of trade secrets at the outset of the litigation is a common requirement.") [5]

 This case fits squarely within the "consensus," and for good reason.  The FAC provides no clear boundaries to shape discovery.  Nor has Mirakl indicated which Defendants purportedly took which trade secrets.  *See, e.g., Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 80 (N.D. Cal. 2020) (explaining that plaintiff must "*plead distinct facts as to each Defendant*" relating to allegations of misappropriating trade secrets) (emphasis added); *Vendavo, Inc. v. Price f(x) AG*, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018) (dismissing trade secret misappropriation claim where plaintiff did not "sufficiently delineate timelines of the alleged acts of misappropriation.")  Instead Mirakl has identified ten documents that it has not even linked to trade secrets, but rather characterizes them as relevant to Mirakl's customer solicitation claim.  FAC at ¶ 160.

 At most, the FAC references vague characterizations of a handful of alleged trade secret documents, *see* FAC at ¶ 88 ("commercial data relating to operational workshops"),  ¶ 120 ("a confidential sales presentation provided to a Mirakl client"), but even here the FAC merely invokes

---

[5] *See also Switch Comm. Group v. Ballard*, 2012 WL 2342929, at *4–5 (D. Nev. June 19, 2012); *Avaya Inc. v. Cisco Sys., Inc.*, 2011 WL 4962817, at *2 (D.N.J. Oct. 18, 2011); *L–3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.*, No. 10–cv–02868–MSK–KMT (D. Col. Oct. 12, 2011); *Ikon Office Sol., Inc. v. Konica Minolta Bus. Sol. USA, Inc.*, 2009 WL 4429156, at *4 (W.D.N.C. 2009); *Giasson Aerospace Science, Inc. v. RCO Eng'g*, 2009 WL 1384179, at *2 (E.D. Mich. 2009); *Storagecraft Tech. Corp. v. Symantec Corp.*, 2009 WL 361282, at *2 (D. Utah Feb. 11, 2009); *DeRubeis v. Witten Tech., Inc.*, 244 F.R.D. 676, 682 (N.D. Ga. 2007); *AutoMed Tech., Inc. v. Eller*, 160 F. Supp. 2d 915, 925–26 (N.D. Ill. 2001); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 755 F. Supp. 635, 637 (D. Del. 1991).

*categories* of trade secrets, rather than *actual* trade secrets.  The FAC does not otherwise identify or describe the "thousands" of documents allegedly downloaded or any trade secrets they allegedly contain.  The law does not permit that approach.  *See Perlan*, 178 Cal. App. 4th at 1344 (holding a Plaintiff cannot provide "a list of high-level, generic categories in which its alleged secrets are said to reside.")  The Court should enter a protective order excusing Defendants from responding to Plaintiff's trade-secret-related discovery requests until Plaintiff produces an adequate statement.

## II.     DEFENDANTS WOULD SUFFER UNDUE BURDEN IF THE COURT DOES NOT ISSUE A PROTECTIVE ORDER.

If Mirakl has a trade secret claim to advance, then Mirakl can readily comply with the requirement.  Parties routinely comply with these common law and statutory requirements by serving separate documents styled as "disclosures" or "identifications" of their alleged trade secrets. *See, e.g.*, 49 Mass. Prac., Discovery § 3:9 ("a plaintiff may be required to serve a statement on the defendant specifically identifying the particular trade secrets that form the basis of its misappropriation claims before any discovery may be had on those claims."); Cal. Civ. Prac. Business Litigation § 66:47 (providing form for trade secret identification, noting "a party who alleges misappropriation under the UTSA must file this form prior to discovery.")

By contrast, imposing discovery without requiring such a statement imposes a huge, needless burden on defendants.  Courts have thoroughly addressed why pre-discovery identification helps both the court and the parties.  These reasons are particularly crucial here when considering Plaintiff's recent sweeping discovery requests, which include 548 document requests and 145 interrogatories.  *See* Landsvik Decl., at Ex. 1 (RFP No. 18, "Produce all documents in your possession that contain Confidential Information or Trade Secrets of Mirakl," RFP No. 64, "Produce all documents and communications that evidence, refer, or relate to Mirakl's Confidential Information or Trade Secrets.")  Such requests would make sense only *after* Mirakl

7

adequately identifies the trade secrets at issue.

*First*, pre-discovery identification helps the court frame the appropriate scope of discovery and determine whether a plaintiff's discovery requests fall within that scope. *Advanced Modular*, 132 Cal. App. 4th at 833-34; *see also Vesta Corp. v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147, 1153 (D. Or. 2015) ("Requiring Plaintiff . . . to make pre-discovery disclosures of its alleged misappropriated trade secrets is supported by strong practical and policy reasons, including the goal of assisting this Court in 'in determining relevancy and the scope of discovery.'") Defendants should not be required to respond and object to hundreds of discovery requests concerning alleged misappropriation—nor should the Court be forced to adjudicate any potential disputes as to scope of discovery—where Plaintiff has not even identified the bounds of its trade secrets.

*Second*, pre-discovery identification ensures an equal playing field, allowing defendants the time and opportunity to develop their defense rather than letting the plaintiff ambush everyone on the eve of trial. *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 248 (W.D. Tex. 2013), *aff'd* 2013 WL 1867417 (W.D. Tex. Apr. 24, 2013) (citing *Perlan*, 101 Cal. Rptr. 3d at 220)). As the court in *Perlan* aptly explained, "trade secret plaintiffs rarely provide a precise and complete identification of the alleged trade secrets at issue without a court order requiring them to do so. This is a strategy, not an accident." 178 Cal. App. 4th at 1344 (2009). Plaintiffs gain "tactical advantages" by providing nothing beyond "high-level, generic categories in which [their] alleged secrets are said to reside." *Id.* This "slippery" gamesmanship also permits a plaintiff "to alter its list of trade secret claims as the case proceeds—sometimes dramatically." *Id.*

*Third*, parties like Mirakl too often seek to evade the pre-discovery identification requirement by bringing other claims that still depend on the alleged misappropriation of trade secrets and confidential information. *See* FAC at ¶¶ 168, 218, 226-27, 236 (premising breach of

contract, CFAA, fiduciary duty, and tortious interference claims on allegations of stolen "trade secrets").  To prevent precisely this maneuver, pre-discovery identification "is not limited in its application to a cause of action under the Uniform Trade Secrets Act . . . but extends to any cause of action which relates to the trade secret." *Advanced Modular*, 132 Cal. App. 4th at 830 (applying analogous California statute).  When claims are "factually dependent on the misappropriation allegation, discovery can commence only after the allegedly misappropriated trade secrets have been identified with reasonable particularity." *Id.* at 834-35; *see also Zenimax Media, Inc. v. Oculus Vr., Inc.*, 2015 WL 11120582, at *1, 3 (N.D. Tex. Feb. 13, 2015) (requiring identification of trade secrets before any discovery, where causes of action were "dependent on the alleged misappropriation of trade secrets.")  Mirakl's refusal to supply the required identification is holding up discovery for no good reason.  In the meantime, to the extent Mirakl's employee solicitation claims do *not* turn on trade secrets, VTEX is fully prepared to move forward with discovery forthwith.

For these reasons, federal courts in Massachusetts and across the country have stayed discovery until plaintiffs like Mirakl specifically identify their trade secrets.  *See Content Management Associates, Inc. v. FMR LLC*, No. 1:10-cv-11364-GAO (D. Mass. Feb. 13, 2012) (suspending discovery deadlines pending written identification of trade secrets, noting that the defendants "will receive a particular identification of the trade secrets at issue such that they can know what they need to address in defense and seek to prevent unwarranted 'fishing expeditions'"); *Switch Commc'ns Grp. v. Ballard*, 2012 WL 2342929, at *4 (D. Nev. June 19, 2012) ("[R]equiring the plaintiff to state its claimed trade secrets prior to engaging in discovery ensures that it will not mold its cause of action around the discovery it receives.")  Allowing Mirakl to engage in a "fishing expedition" before identifying its trade secrets would, as courts have

9

repeatedly warned, significantly prejudice VTEX.  The Court should follow the consensus and compel pre-discovery identification of trade secrets.[6]

## III.   MIRAKL'S DISCOVERY SETS EXCEED EXPLICIT LIMITS SET BY THE LOCAL RULES.

The Local Rules permit only "25 interrogatories" and "2 separate sets of requests for production" "*for each side*."  L.R. 26.1 (emphasis added). Plaintiff has served 145 interrogatories (not 25), and eight sets of requests for production (not 2).  *See* Landsvik Decl., at ¶¶ 2, 3.  These requests are wildly overbroad. *See* Landsvik Decl., at Ex. 1 (RFP No. 23, "Produce all marketing materials prepared by you and/or VTEX, including pricing, advertising, customer or client base, solicitations, and strategy," RFP No. 67, "Produce all calendars, journals, notebooks, and diaries in or on which you recorded any information from February 1, 2019, to the present.")

Mirakl chose to sue eight Defendants in one case for its own strategic purposes; it cannot do that *and* ignore the rules that set the limits on interrogatories and requests for production "for each side."  If anyone were permitted to go beyond those limits it would be the eight Defendants forced into the same case, but Defendants are prepared to comply with the Rules, as Mirakl should.

Finally, Mirakl noticed depositions at the very outset of the discovery period, with unreasonably short notice, as little as three business days.  When challenged, Mirakl pushed those depositions to the beginning of June.  While the discovery period is slated to run through October 15, 2021, and document production will not be substantially completed by early June, Defendants are fine proceeding at that time, provided Mirakl agrees to first identify its trade secrets and not to then seek second depositions, at great burden and expense, after document discovery.  *See Global ePoint, Inc. v. GTECH Corp.*, 2015 WL 113979, at *2 (D.R.I. Jan. 8, 2015) (denying second

---

[6] During the parties' meet-and-confer, Plaintiff claimed that it has already identified its API as a trade secret.  The law requires plaintiffs to serve a separate identification concerning the trade secrets in issue, but if the Court grants discovery it should be limited to the API and to the ten specific filenames that Plaintiff identified in the Complaint.

deposition of a witness because the party "chose to conduct the deposition prior to the completion of document discovery" and "must now live with that decision") (citing *Morrison v. Stephenson*, 2008 WL 145017, at *2 (S.D. Ohio Jan. 10, 2008)).

## **CONCLUSION**

For the foregoing reasons, the Court should enter the proposed Protective Order.

Respectfully submitted,

*VTEX Commerce Cloud Solutions LLC, Tyler Greff, Andrew Brownell, Jeremy Blanford, George Jyh-Wei Chang, Joseph Lee, Timothy Shawn Cochran, and Kevin Gregory Yee*

By Their Attorneys,

   */s/ Adam S. Gershenson*
Adam S. Gershenson, Bar No. 671296
agershenson@cooley.com
Bronwyn Roberts, Bar No. 638179
broberts@cooley.com
COOLEY LLP
500 Boylston Street
14th Floor
Boston, MA  02116-3736
Telephone:   +1 617 937 2300
Facsimile:    +1 617 937 2400

Dated: May 7, 2021

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that on this 7th day of May, 2021 this document filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

*/s/ Adam S. Gershenson*