UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRAKL, INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>VTEX COMMERCE CLOUD SOLUTIONS LLC, TYLER GREFF, ANDREW BROWNELL, JEREMY BLANFORD, GEORGE JYH-WEI CHANG, JOSEPH LEE, TIMOTHY SHAWN COCHRAN, AND KEVIN GREGORY YEE,<br><br>    Defendants. | Civil Action No. 20-cv-11836 |

**<u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL</u>**

## TABLE OF CONTENTS

                                                                                     **Page**

TABLE OF AUTHORITIES ............................................................................................................. i

RELEVANT PROCEDURAL BACKGROUND ............................................................................ 2

ARGUMENT .................................................................................................................................. 4

      I.      MIRAKL'S MOTION IS PREMATURE, DUPLICATIVE, AND MOOT .......... 4

      II.     MIRAKL HAS NOT ADEQUATELY IDENTIFIED ITS TRADE SECRETS. ............................................................................................................... 5

      III.    TO OBTAIN DISCOVERY ON CLAIMS FACTUALLY DEPENDENT ON TRADE SECRET MISAPPROPRIATION, MIRAKL MUST IDENTIFY THE SECRETS. ............................................................................... 6

      IV.    MIRAKL SHOULD COMPLY WITH THE LOCAL RULE. .............................. 9

CONCLUSION ............................................................................................................................. 11

## **TABLE OF AUTHORITIES**

                                                                                                                                              **Page**

**Cases**

*Accusoft Corp v. Quest Diagnostics, Inc.*,
   2014 WL 1393749 (D. Mass. Apr. 7, 2014) ........................................................................... 10

*Advanced Modular Sputtering, Inc. v. Superior Ct.*,
   132 Cal. App. 4th 826 (2005) ................................................................................................ 7

*Allen v. Sch. Bd. For Santa Rosa Cty., Fla*,
   2011 WL 1831764 (N.D. Fla. May 12, 2011) ....................................................................... 9

*and Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc.*,
   2019 WL 7578395 (D. Mass. July 26, 2019) ...................................................................... 10

*Bibbs v. New River Cmty. & Tech. Coll.*,
   285 F.R.D. 382 (S.D. W. Va. 2012) ...................................................................................... 4

*Blackmon v. Bracken Constr. Co., Inc.*,
   2020 WL 6731113 (M.D. La. Nov. 16, 2020) ...................................................................... 4

*Brescia v. Angelin*,
   172 Cal. App. 4th 133 (2009) ................................................................................................ 5

*CBS Broad. Inc. v. Am. Broad. Cos., Inc.*,
   2012 WL 13013028 (C.D. Cal. June 26, 2012) .................................................................... 7

*Farrell v. U.S. Bank Nat'l Ass'n*,
   2014 WL 12658842 (E.D. Mich. Aug. 22, 2014) ................................................................. 4

*Fernandez v. North Dakota*,
   2013 WL 6491387 (D.N.D. Dec. 9, 2013) ........................................................................... 9

*Jaroma v. Massey*,
   873 F.2d 17 (1st Cir. 1989) ................................................................................................... 9

*Loop AI Labs, Inc. v. Gatti*,
   2015 WL 9269758 (N.D. Cal. Dec. 21, 2015) ...................................................................... 5

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
   2015 WL 5897719 (N.D. Cal. Oct. 9, 2015) ......................................................................... 8

*Neothermia Corp. v. Rubicor Med., Inc.*,
   345 F. Supp. 2d 1042 (N.D. Cal. 2004) ................................................................................ 7

*Perlan Therapeutics, Inc. v. Superior Ct.*,
   178 Cal. App. 4th 1333 (2009) .............................................................................................. 6

# TABLE OF AUTHORITIES
# (Continued)

Page

*St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*,
   217 F.R.D. 288 (D. Mass. 2003) ................................................................................10

*Valentine v. Maersk Line, Limited*,
   2007 WL 9805431 (D. Mass. Feb. 9, 2007) ...............................................................11

*Whittingham v. Amherst College*,
   163 F.R.D. 170 (D. Mass. 1995) ................................................................................10

*Zenimax Media, Inc. v. Oculus Vr, Inc.*,
   2015 WL 11120582 (N.D. Tex. Feb. 13, 2015) ...........................................................7

*Zito v. Leasecomm Corp.*,
   233 F.R.D. 395 (S.D.N.Y. 2006) ..........................................................................9, 10

**Statutes**

Mass. Gen. Laws ch. 93, § 42D(b) ........................................................................................2, 6

Massachusetts Uniform Trade Secrets Act ......................................................................1, 2, 5

Uniform Trade Secrets Act .........................................................................................................8

**Other Authorities**

8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
   § 2168.1 .......................................................................................................................10

Federal Rules of Civil Procedure
   Rule 26(b) .....................................................................................................................9
   Rule 26(b)(2)(B) ...........................................................................................................4
   Rule 33(a)(1) ...........................................................................................................9, 10
   Rule 34(a) .....................................................................................................................9
   Rule 37 ..........................................................................................................................2

District of Massachusetts Local Rules
   Local Rule 1.3 ............................................................................................................10
   Local Rule 26.1 ..............................................................................................9, 10, 11
   Local Rule 26.1(c) ....................................................................................................1, 2

In their recent Motion for a Protective Order, Defendants made two simple requests. Defendants asked only that Mirakl: (1) identify its alleged trade secrets as required by Massachusetts law, and (2) follow the Court's Local Rules, so that discovery can proceed. Apparently unwilling to do either, Mirakl instead generated this purported "Motion to Compel," in which Mirakl repeats the same inadequate arguments advanced in Mirakl's Opposition to Defendants' Motion for Protective Order. *See* ECF Nos. 51, 54.

The parties' positions were already set forth in the briefs addressing Defendants' Motion for a Protective Order, where Defendants demonstrated the need for trade secret identification and compliance with the Local Rules. *See* ECF Nos. 50, 51. Mirakl's instant motion does not advance the issues in any substantive or meaningful way. Indeed, Mirakl's Motion to Compel contains pages cut-and-pasted *verbatim* from its Opposition to Defendants' Motion for a Protective Order. *Compare* ECF No. 51 at 11-15 *with* ECF No. 54 at 9-13. There is nothing substantive in this Motion to Compel that could not have been included in Mirakl's already-filed Opposition to the Motion for a Protective Order. Accordingly, out of respect for the Court's resources, Defendants adopt and fully incorporate here the arguments set forth in their Motion for a Protective Order, ECF No. 50, and set forth below only brief, additional responses for clarity.

The issues remain the same as when they were advanced in Defendants' Motion for a Protective Order. Put simply, does Mirakl have to follow (1) the Massachusetts Uniform Trade Secrets Act that requires specific trade secret identification, and (2) Massachusetts Local Rule 26.1(c) that describes the discovery each side can serve? There is no cause to exempt Mirakl from the statute that governs its claim or the Rules that govern this Court's procedures, so the answer to both questions is "yes."

## RELEVANT PROCEDURAL BACKGROUND

As set forth in Defendants' Motion for a Protective Order, on April 27, 2021 Mirakl propounded an enormous volume of discovery. Mirakl served eight sets of requests for production of documents containing 548 requests, and 145 interrogatories. These requests violated Local Rule 26.1(c), which limits requests for production to two sets "for each side" and interrogatories to 25 per side. *See* Declaration of Julianne M. Landsvik (ECF No. 50-1) ¶¶ 2, 3.

These requests also violated the Massachusetts Uniform Trade Secrets Act ("MUTSA"), which provides, "*[b]efore commencing discovery* relating to an alleged trade secret, the party alleging misappropriation shall identify the trade secret with sufficient particularity under the circumstances of the case to allow the court to determine the appropriate parameters of discovery and to enable reasonably other parties to prepare their defense." Mass. Gen. Laws ch. 93, § 42D(b) (emphasis added).

On May 5, 2021, the parties held a discovery conference under Rule 37 of the Federal Rules of Civil Procedure. Mirakl's Motion to Compel misrepresents Defendants' positions expressed during this conference. Defendants requested, consistent with the MUTSA, that Mirakl identify its trade secrets "with sufficient particularity" before commencing discovery on the claims related to its trade secrets. Defendants also explained it would be wasteful to proceed on a claim-by-claim basis, particularly when the crux of the lawsuit is the alleged downloading activity. *See* ECF No. 52-1 at 3. Nevertheless, consistent with representations made in their Motion for a Protective Order, Defendants *agreed* to commence discovery in this piecemeal fashion immediately, as soon as Mirakl re-served its discovery requests to comply with the Local Rules. *See id.*; ECF No. 50 at 9. Mirakl refused to either identify its trade secrets or comply with the Local Rules. As a result, two days later Defendants filed their Motion for a Protective Order. *See* ECF No. 49.

On May 14, 2021, Mirakl filed an opposition to Defendants' Motion for a Protective Order

2

(ECF No. 51) ("Mirakl's Opposition"). For reasons known only to Plaintiff, Mirakl also filed this motion and duplicative memorandum to compel the very same discovery at issue in the Motion for a Protective Order. ECF Nos. 53, 54 (the "Motion to Compel"). Mirakl filed this Motion to Compel two weeks *before* Defendants were even required to respond to any discovery requests. The Motion to Compel argues the same issues as, and contains pages of verbatim recitation from, Mirakl's Opposition. *Compare* ECF No. 54 at 11-15 *with* ECF No. 51 at 9-13.[1]

On May 20, 2021, Defendants advised Mirakl that they were prepared to begin producing documents and requested for a second time that Mirakl cooperate in filing a proposed protective order with the Court. Declaration of Julianne M. Landsvik, dated May 28, 2021 ("Landsvik Decl."), Ex. 1 at 2-3. (Defendants "suggest we file a joint motion and note for the court that there is one provision of the PO about which we do not agree.") To be clear, this was not the protective order Defendants have sought through their outstanding motion; it is simply the run-of-the-mill standard protective order that parties routinely enter to govern production of confidential documents. Mirakl—the Plaintiff who is ostensibly concerned about unidentified "trade secrets" it claims were taken many months ago—took five days to respond, and even then only indicated it was "conferring" internally and would "reply shortly." *Id.* at 1. On May 28, 2021, with no response from Mirakl, Defendants provided Mirakl with a complete draft of a joint motion to the Court for entry of a protective order, which required Mirakl only to fill in a short statement of its position on the *single* provision still in dispute between the parties. *Id.* at 1 ("If you could please input your position on that point and return this to us, we can get this on file so that the parties may begin producing documents."). Mirakl inexplicably responded that it did not "agree to [a joint]

---

[1] Mirakl further indulged, as it has throughout the case, in persistent distortions and defamatory insinuations that Defendants' counsel are somehow violating the Rules of Professional Conduct, which are both false and unworthy of response.

motion" requesting entry of a protective order and insisted that the parties "file separate motions" before discovery could begin.  Landsvik Decl., Ex. 2 at 1.

## ARGUMENT

### I. MIRAKL'S MOTION IS PREMATURE, DUPLICATIVE, AND MOOT.

Courts apply the same standard to motions to compel discovery as to motions seeking a protective order.  *See* Fed. R. Civ. P. 26(b)(2)(B) (imposing same standard for "motion to compel discovery or for a protective order" and making clear that a court may compel discovery upon rejecting a motion for protective order); *Blackmon v. Bracken Constr. Co., Inc.*, 2020 WL 6731113, at *4 (M.D. La. Nov. 16, 2020) (denying "unnecessary" protective order motion that was "redundant" with an opposition to a motion to compel).  The parties' positions are already before this Court at ECF Nos. 50 and 51, and the Court should therefore deny this Motion as unnecessary and moot.

As Mirakl is aware, Defendants are prepared to move forward with discovery now on claims relating to employee solicitation, and as soon as Mirakl provides an appropriate identification of trade secrets, on trade-secret related claims.  Mirakl is seeking additional delay by insisting that the parties file *two separate and additional motions* to the Court relating to the entry of an appropriate protective order governing the exchange of confidential documents.  Mirakl's filing of this Motion to Compel weeks *before any discovery responses were due* and while it is obstructing Defendants' ability to begin their production of documents underscores its futility, and is alone grounds for denial.  *See Bibbs v. New River Cmty. & Tech. Coll.*, 285 F.R.D. 382, 390 (S.D. W. Va. 2012) (denying motion to compel as "premature" because "Plaintiff filed his Motion to Compel prior to Defendants' deadline for responding to the discovery requests."); *Farrell v. U.S. Bank Nat'l Ass'n*, No. CV 14-11781, 2014 WL 12658842, at *1 (E.D. Mich. Aug. 22, 2014)

("Because [plaintiff] filed his motions to compel prior to the time that Defendants' responses were even due, those motions . . . are premature and are hereby denied.") (emphasis removed).

## II.    MIRAKL HAS NOT ADEQUATELY IDENTIFIED ITS TRADE SECRETS.

Mirakl concedes that it has not yet provided but will (one day) provide a list of file names that purport to be its trade secrets at issue.[2]  *See* ECF No. 54 at 10 n.3.  Mirakl's references to documents in its First Amended Complaint (ECF No. 19, "FAC") do not suffice to identify trade secrets.[3]  For example, one of the so-called trade secrets is a *former employee's resume*.  *See* ECF No. 54 at 13.

Mirakl cites no authority suggesting that merely pointing to a portion of a complaint or pleading satisfies the MUTSA requirement.  Nor does Mirakl even attempt to distinguish the cases cited by Defendants holding the opposite under the analogous California statute.  *See* ECF No. 50 at 5 (citing *Loop AI Labs, Inc. v. Gatti*, 2015 WL 9269758, at *4 (N.D. Cal. Dec. 21, 2015) ("[D]esignation of certain paragraphs in pleadings and declarations is no substitute for specifically identifying and describing the actual claimed trade secrets"); *Brescia v. Angelin*, 172 Cal. App. 4th 133, 150 (2009) (affirming trial court's determination that disclosure consisting of descriptions in cross-complaint and identification of documents in discovery was "inadequate")).

Mirakl tacitly admits that its purported "identification" through its pleadings is inadequate, and claims that it will, at some later date, identify the file names constituting its alleged trade secrets.  *See* ECF No. 54 at 10 n.3 ("Mirakl will further identify the trade secrets at issue by file name after the entry of a protective order governing the exchange of confidential information.").

---

[2] While identifying file names, by itself, is not sufficient to comply with the MUTSA because it does not identify the "trade secrets" at issue, to move the case forward Defendants would be willing to search for the file names that Mirakl claims were downloaded.

[3] Mirakl argues, disingenuously, that Defendants want the purported trade secrets to be identified "to Defendants' unilateral satisfaction."  ECF No. 54 at 5.  Mirakl needs to "satisf[y]" the mandates of the MUTSA and identify its trade secrets with sufficient particularity.  *See* ECF No. 50 at 4-7.

5

But Defendants have repeatedly sought agreement on such an order, to no avail. Mirakl had Defendants' draft protective order since *October 2020*, took no action for over half-a-year, and only provided comments to Defendants' draft in *May 2021*.

Defendants promptly returned the draft and proposed that the parties file the protective order, with their joint positions regarding the remaining area of disagreement, a standard, simple, and cost-effective path that parties in such cases routinely follow. Mirakl failed to provide any substantive response. Then, when Defendants provided Mirakl with a draft of a joint motion containing Defendants' position on the single issue in dispute—the need for one (1) corporate representative to view produced materials in order to manage the litigation and oversee any potential settlement—Mirakl flatly refused and stated the parties would "need to file separate motions." Landsvik Decl. Ex. 2 at 1. Mirakl appears determined to drag out this case with a maximum volume of costly motion practice, using vague allegations to create a lingering cloud over its marketplace competitor.

Mirakl also claims to reserve its right to supplement its "identification." ECF No. 54 at 12 n.4. This is both another implied admission that any current identification is insufficient and an attempt to impermissibly change its trade secret theory later in the case. But that is precisely what these statutory rules requiring trade secret identification are designed to *prevent*. *See Perlan Therapeutics, Inc. v. Superior Ct.*, 178 Cal. App. 4th 1333, 1344 (2009) (warning against the "slippery" gamesmanship of a plaintiff "alter[ing] its list of trade secret claims as the case proceeds—sometimes dramatically. . . .")

### III.  TO OBTAIN DISCOVERY ON CLAIMS FACTUALLY DEPENDENT ON TRADE SECRET MISAPPROPRIATION, MIRAKL MUST IDENTIFY THE SECRETS.

As explained in Defendants' Motion for a Protective Order, the majority of Mirakl's claims relate to its alleged trade secrets. *See generally* ECF No. 50 at 9. Discovery may not begin with

respect to trade secret claims or claims that are "factually dependent" on them before Plaintiff serves a sufficient statement identifying those secrets. Mass. Gen. Laws ch. 93, § 42D(b); ECF No. 50 at 9 (collecting cases).

Mirakl's Motion to Compel entirely ignores Defendants' arguments on this issue, erroneously asserting that Defendants have "not cited even a single case" supporting their position. *See* ECF No. 54 at 9.  Mirakl's Motion to Compel nowhere addresses the law holding that when claims are "*factually dependent* on the misappropriation allegation, discovery can commence only after the allegedly misappropriated trade secrets have been identified with reasonable particularity." *Advanced Modular Sputtering*, *Inc. v. Superior Ct.*, 132 Cal. App. 4th 826, 834-35 (2005) (emphasis added); *see also Zenimax Media, Inc. v. Oculus Vr, Inc.*, 2015 WL 11120582, at *1, 3 (N.D. Tex. Feb. 13, 2015) (requiring identification of trade secrets before any discovery, where causes of action were "dependent on the alleged misappropriation of trade secrets.").[4]

Many of Mirakl's claims are factually dependent on the alleged trade secret misappropriation because they turn on the alleged downloading of purportedly confidential Mirakl documents. Mirakl's FAC explicitly ties these claims to alleged trade secret misappropriation. *See* ECF No. 50 at 8-9 (citing ECF No. 19). For example, the FAC alleges:

- **For Breach of Contract Claims:** "By engaging in the conduct described above, each of the Individual Defendants has violated their contractual obligations to Mirakl. This conduct includes, but is not limited to taking, using and/or disclosing Mirakl's Confidential Information **and/or Trade Secrets.**" ECF No. 19 ¶ 168 (emphasis added).

- **For Computer Fraud and Abuse Act ("CFAA") Claims:** "Each of the Individual Defendants caused damages and loss to Mirakl by exceeding his authorized access to Mirakl's protected computers and misappropriating Mirakl Confidential and Proprietary Information **and trade secrets**." *Id.* at ¶ 218 (emphasis added).

---

[4] *See also CBS Broad. Inc. v. Am. Broad. Cos., Inc.,* 2012 WL 13013028, at *2 (C.D. Cal. June 26, 2012) (holding conversion and unfair competition claims were factually dependent on trade secret misappropriation claims and thus subject to California pre-discovery trade secret identification requirement); *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1043-44 (N.D. Cal. 2004) (same for claim for breach of nondisclosure agreement).

- **For Duty of Loyalty Claims:** "[E]ach [of] the Individual Defendants owed Mirakl a continuing duty of loyalty, which included, but was not limited to, safeguarding its Confidential Information and **trade secrets** . . . ." *Id.* at ¶ 226 (emphasis added).

- **For Tortious Interference Claim:** "By permitting the Individual Defendants to continue working in roles in which they inevitably will use and/or disclose **Mirakl's trade secrets** and confidential information to VTEX and violate their nonsolicitation obligations to Mirakl, VTEX has used improper means to interfere with Mirakl's contractual relations with the Individual Defendants." *Id.* at ¶ 238 (emphasis added).

Mirakl cites one readily distinguishable Northern District of California case, *Monolithic Power Sys., Inc. v. Silergy Corp.*, 2015 WL 5897719, at *3 (N.D. Cal. Oct. 9, 2015), for the proposition that trade secret identification does not extend to claims beyond those dealing with the Uniform Trade Secrets Act.[5]  But the holding of the *Monolithic* court was explicitly premised on the fact that the contract provision at issue in *Monolithic* did *not* mention trade secrets.  *See id.* ("[T]he contract provision breached does not mention trade secrets").  By contrast, the contract provisions at issue here *do* explicitly mention trade secrets.  *See, e.g.*, ECF Nos. 1-1 at 4; 1-2 at 1; 1-3 at 1; 1-4 at 4; 1-5 at 1; 1-6 at 4; 1-7 at 4.  The plaintiff in *Monolithic* also did not raise a claim for misappropriation of trade secrets.  2015 WL 5897719, at *3 (holding that "Defendants have not shown that this claim is based on an allegation that [] Defendants disclosed or misused [Plaintiff's] trade secrets.").  (internal quotations omitted.)

Mirakl cannot escape its obligation for pre-discovery identification simply by injecting overlapping allegations in several causes of action.  *See* ECF No. 19 ¶¶ 168, 218, 226, 238.  And the policy considerations behind pre-discovery identification are particularly apt here where Mirakl has explicitly reserved the right to *alter its list of trade secrets*.  *See* ECF No. 54 at 12 n.4; ECF No. 50 at 8 (citing cases holding that "pre-discovery identification helps the court frame the

---

[5] The claim at issue in *Monolithic* was for breach of contract.  Mirakl cites no authority which pertains to whether its CFAA, tortious interference, or breach of fiduciary duty claims "relate to" the trade secret claims—presumably because Mirakl's own FAC inextricably links those claims to the purported trade secrets at issue.

appropriate scope of discovery" and "allow[s] defendants the time and opportunity to develop their defense rather than letting the plaintiff ambush everyone on the eve of trial").

### IV.     MIRAKL SHOULD COMPLY WITH THE LOCAL RULE.

Local Rule 26.1 explicitly limits the number of discovery events "for each side" to 25 interrogatories and "2 separate sets of requests for production." Defendants have made the straightforward, non-controversial request that Mirakl comply with the Local Rule 26.1.

As demonstrated in Defendants' Motion for a Protective Order, Mirakl served interrogatories and requests for production of documents that exceed the per "side" request limits set forth in the District of Massachusetts Local Rules. *See* ECF No. 50 at 10-11. But Mirakl openly refuses to follow this Court's Local Rules. Instead, Mirakl contends that Local Rule 26.1 conflicts with Federal Rules of Civil Procedure 33(a)(1) and 34(a).

The Local Rule does not conflict with the Federal Rules of Civil Procedure. *See Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) ("Local district court rules cannot be construed in such a way as to render them inconsistent with applicable provisions of the Federal Rules of Civil Procedure.") In reading the Local Rule, courts should "interpret [the Local Rule] *so as to preserve its scope and validity* without running afoul of the requirements of [the Federal Rule]." *Id.* (emphasis added). By reading the term "party" in Rule 33(a)(1) to be synonymous with "each side" in Local Rule 26.1, there is no "clear[] conflict" as Mirakl claims. Moreover, Rule 34(a) states only that "a party may serve on any other party a request within the scope of Rule 26(b) to produce . . . any designated documents or electronically stored information[.]" The Federal Rule does not speak to sets or plainly conflict with the District of Massachusetts Local Rule.

Many courts and the leading treatise on federal procedure have interpreted the terms this way, thereby harmonizing Local Rule 26.1 with the Federal Rules and recognizing that these limits properly apply to each side. *See, e.g. Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y.

9

2006); *Allen v. Sch. Bd. For Santa Rosa Cty., Fla*, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Fernandez v. North Dakota*, 2013 WL 6491387, at *4 (D.N.D. Dec. 9, 2013); *see also* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2168.1 (noting that "in some instances nominally separate parties should be considered one party for purposes of the 25–interrogatory limitation").[6]

Mirakl cites two cases that suggest a party can serve up to 25 interrogatories on each and every defendant, regardless of common interest or representation. *See St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003) *and Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc.*, 2019 WL 7578395, at *3 (D. Mass. July 26, 2019). There is no First Circuit precedent supporting that view, however, and *Zito* and other cases have expressly disagreed with the formalistic interpretation of "party" set forth in *St. Paul Fire*. *See Zito*, 233 F.R.D. at 399. As a practical matter, complying with Local Rule 26.1 as written— and consistently with *Zito* and other cases—makes sense here to streamline Mirakl's many hundreds of overlapping discovery requests and to permit each of the eight separate defendants to respond reasonably within the condensed discovery timeframe. *See Whittingham v. Amherst College*, 163 F.R.D. 170, 171-72 (D. Mass. 1995) (noting that the purpose of the D. Mass. Local Rules is to "minimize the potential cost of wide ranging discovery" and prevent parties from using discovery "as an instrument for delay or suppression") (internal quotations omitted).

The Local Rules empower the Court to use its discretion in many ways to address this problem. *See* Local Rule 1.3 ("Failure to comply with any of the directions or obligations set forth in, or authorized by, these rules may result in dismissal, default, or the imposition of other sanctions

---

[6] Mirakl's other cited case, *Magnesium*, similarly holds that a plaintiff may serve up to 25 interrogatories on each defendant. 2019 WL 7578395 at *3. But contrary to Mirakl's irresponsible assertion that Defendants make "deliberately incorrect" statements about the controlling law, *see* ECF No. 51 at 3, the First Circuit has not ruled on the purported conflict between Local Rule 26.1 and F.R.C.P. 33(a)(1). As noted *supra*, many other district courts have held that similar Local Rules do not conflict.

as deemed appropriate by the judicial officer."); *see also Accusoft Corp v. Quest Diagnostics, Inc.*, No. 12-CV-40007-TSH, 2014 WL 1393749, at *1 (D. Mass. Apr. 7, 2014) (ordering plaintiff to pay attorney's fees for violation of the local rules).  Here, perhaps the simplest remedy is best.  The Court should order Mirakl to fix its error and re-serve its discovery requests within the limits of the Local Rules.  *See Valentine v. Maersk Line, Ltd.*, No. CV 05-40187-FDS, 2007 WL 9805431, at *2 (D. Mass. Feb. 9, 2007) (ordering a party to limit and re-serve discovery following violation of Local Rule 26.1).  With that, and the identification of trade secrets, the parties can at last move this case forward in accordance with Massachusetts law.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Mirakl's Motion to Compel (ECF Nos. 53, 54) and grant Defendants' Motion for Protective Order (ECF Nos. 49, 50).

Respectfully submitted,

*VTEX Commerce Cloud Solutions LLC, Tyler Greff, Andrew Brownell, Jeremy Blanford, George Jyh-Wei Chang, Joseph Lee, Timothy Shawn Cochran, and Kevin Gregory Yee*

By Their Attorneys,

  /s/ Adam S. Gershenson
Adam S. Gershenson, Bar No. 671296
agershenson@cooley.com
Bronwyn Roberts, Bar No. 638179
broberts@cooley.com
COOLEY LLP
500 Boylston Street
14th Floor
Boston, MA  02116-3736
Telephone:   +1 617 937 2300
Facsimile:    +1 617 937 2400

Dated: May 28, 2021

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 28th day of May, 2021 this document filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

*/s/ Adam S. Gershenson*