UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11836-RWZ

MIRAKL, INC.

v.

VTEX COMMERCE CLOUD SOLUTIONS LLC, et al.

MEMORANDUM & ORDER

June 9, 2021

ZOBEL, S.D.J.

Plaintiff Mirakl, Inc. has filed claims against several former employees who defected to its competitor, VTEX Commerce Cloud Solutions LLC (also a party), alleging misappropriation of trade secrets, breach of contract, and related claims. Before the court are defendants' motion for protective order and plaintiff's motion to compel.  (Docket ## 49, 53).

I.      **Motion for Protective Order**

A.      **Interrogatories**

Citing this court's Local Rules, defendants seek a protective order that limits plaintiff to a set number of interrogatories for all defendants.  Those Rules provide that, "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production."  Local Rule 26.1(c).  In contrast, the Federal Rules reference "parties" rather than "sides": "[u]nless otherwise stipulated or ordered by the court, a party may

1

serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a).

Where Local Rules conflict with Federal Rules, the Federal Rules take precedence. See Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc., No. 18-cv-40207, 2019 U.S. Dist. LEXIS 225266, at *7 (D. Mass. July 26, 2019) ("Thus, Plaintiff may serve up to 25 interrogatories on *each Defendant*, and the collective interrogatories . . . do not amount to an attempt to circumvent the limits in Rule 33(a)(1)." (emphasis added)); St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) ("A court's local rules must be 'consistent with—but not duplicative of' the Federal Rules of Civil Procedure.  Rule 83(a)(1), Fed. R. Civ. P. Thus, it is my opinion that those parts of Local Rule 26.1(c) which limit the number of interrogatories to 25 for 'each side' and the number of depositions to 10 for 'each side' are unenforceable.").  Plaintiff may therefore serve 25 interrogatories on each defendant, consistent with Federal Rule 33(a).

## B.   Trade Secret List

Relying on plaintiff's state law misappropriation of trade secrets claim, defendants demand a detailed trade secret list from plaintiff before commencing discovery. See Netcracker Tech. Corp. v. Laliberté, No. 20-cv-11054, 2020 U.S. Dist. LEXIS 202610, at *6 n.2 (D. Mass. Oct. 30, 2020) (stating that the Massachusetts Uniform Trade Secrets Act ("MUTSA") "requires that a plaintiff 'alleging trade secrets misappropriation . . . state *with reasonable particularity* the circumstances thereof, including the nature of the trade secrets and the basis for their protection.'" (quoting Mass. Gen. Laws ch. 93, § 42D(b))).

Plaintiff's MUTSA claim, however, is one of several claims against defendants, which do not rely on defendants' detailed knowledge of plaintiff's trade secrets in order to proceed through discovery.  In addition, plaintiff has agreed to provide file names for the documents it alleges defendants misappropriated and which contain its trade secrets, but only after a protective order governing the exchange of confidential information is in place.

On or before June 25, 2021, the parties shall submit a proposed protective order for the exchange of confidential information.  Once the court has approved the protective order, plaintiff will have a further fourteen (14) days to submit its list of file names.  In the meantime, defendants shall respond to all discovery requests that do not require reference to a detailed trade secret list.[1]

## II.    Motion to Compel

Plaintiff's motion to compel (Docket # 53) covers the same ground as defendants' motion and is therefore denied as moot.

## III.   Conclusion

Defendants' motion for protective order (Docket # 49) is ALLOWED in part and DENIED in part.  Plaintiff's motion to compel (Docket # 53) is DENIED as moot.

_____June 14, 2021_____
DATE

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's request for attorneys' fees in defending against the motion for protective order (Docket # 51 at 14) is denied.