UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRAKL, INCORPORATED,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>VTEX COMMERCE CLOUD SOLUTIONS, LLC, TYLER GREFF, ANDREW BROWNELL, JEREMY BLANFORD, GEORGE JYH-WEI CHANG, JOSEPH LEE, TIMOTHY SHAWN COCHRAN, and KEVIN GREGORY YEE,<br><br>　　　　　Defendants.<br><br>GEORGE CHANG,<br><br>　　　　　Plaintiff-in-Counterclaim,<br><br>vs.<br><br>MIRAKL, INC. and ADRIEN NUSSENBAUM,<br><br>　　　　　Defendants-in-Counterclaim. | Civil Action No. 1:20-CV-11836-RWZ |

**MIRAKL'S MOTION TO COMPEL DEFENDANTS' IMMEDIATE
PRODUCTION OF DOCUMENTS, DEVICES, AND RESPONSES TO
INTERROGATORIES, WITHOUT OBJECTION, PURSUANT TO
<u>MIRAKL, INC.'S NOVEMBER 24, 2020 PROPOSED FORENSIC PROTOCOL</u>**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff, Mirakl, Inc. ("Mirakl") hereby moves the Court to:

(1) Compel Defendants to produce, immediately and without objection, responses to all document requests that Mirakl served on April 27, 2021 on any Defendant;[1]

---

[1] On April 27, 2021, Mirakl served interrogatories and requests for production upon all Defendants. True and correct copies of (1) Plaintiff, Mirakl, Incorporated's First Set of Interrogatories to Defendant VTEX Commerce Cloud Solutions, LLC, served April 27, 2021; (2) Plaintiff, Mirakl, Incorporated's First Set of Document Requests to Defendant VTEX Commerce Cloud Solutions, LLC, served April 27, 2021; (3) Plaintiff, Mirakl, Incorporated's First Set of Interrogatories to Defendant Tyler Greff, LLC, served April 27, 2021; and (4) Plaintiff, Mirakl, Incorporated's First Set of Document Requests to Defendant Tyler Greff, LLC, served April 27, 2021, are attached

(2)  Compel Defendants to ensure that each of their document productions includes, but is not limited to, all Devices[2] from which any Defendant, or anyone acting on behalf of any Defendant, "ever has accessed any Mirakl files";

(3)  Compel Defendants to respond, immediately and without objection, to all interrogatories that Mirakl served on April 27, 2021 on any Defendant;

(4)  Compel Defendants to produce electronically stored information ("ESI") responsive to Mirakl's requests for production and/or interrogatories in accordance with the terms of the November 24, 2020 Forensic Protocol that Mirakl sent to counsel for Defendants (the "Forensic Protocol").

This lawsuit arises out of Defendants' material and willful failure to comply with their statutory, common law, and contractual obligations to Mirakl. This motion arises out of Defendants' ongoing material and willful failure to comply with their obligations under the Federal Rules of Civil procedure and their blatant contempt of this Court's June 9, 2021 Memorandum & Order (filed June 14, 2021) (hereafter the "June Discovery Order"), ECF 57.

As Mirakl describes more fully in the memorandum in support of this motion filed herewith, ECF 67, Defendants waived all objections that they may seek to assert to Mirakl's discovery requests and interrogatories by failing to serve Mirakl with responses within the time allotted both by the Federal Rules of Civil Procedure and June Discovery Order. Accordingly, must immediately respond, without objection, to Mirakl's discovery requests "that do not require reference to a detailed trade secret list." Further, although Rule 26(f)(3)(C) of the Federal Rules of Civil Procedure requires the parties to resolve "any issues about disclosure, discovery, or

---

to the Declaration of Danielle Y. Vanderzanden in Support of Motion to Compel ("Vanderzanden MTC Dec."), ECF 68, at Exhibits 1–4. The discovery served on the Individual Defendants is, *mutatis mutandis*, identical. Therefore, to avoid duplication, Mirakl has submitted only one set of the discovery served upon the Individual Defendants.

[2] For purposes of this Motion to Compel and Plaintiff's interrogatories and requests for production of documents to Defendants, the term "Device" means "any computer, phone, memory stick, cloud repository, or other device or other storage repository that is capable of performing computing functions and/or storing electronic information. Device shall include, but shall not be limited to: desk, laptop, or mainframe computers; e-readers; scanners; printers; phones; cloud-based storage repositories; internal and external hard drives; CDs; DVDs; Floppy Disks; USB drives; ZIP disks; magnetic tapes; SD cards; and all other devices or repositories able to perform computing functions and/or store information." *E.g.*, (Plaintiff, Mirakl, Incorporated's First Set of Document Requests to Defendant VTEX Commerce Cloud Solutions, LLC, served April 27, 2021, attached as Exhibit 2 to Vanderzanden MTC Dec., ECF 68, at 5).

preservation of electronically stored information, including the form or forms in which it should be produced," Defendants have, for nearly nine months, refused even to discuss—let alone to reach agreement regarding—a protocol to govern the forensic review of devices that contain discoverable information. In fact, as recently as July 27, 2021, Defendants, through counsel represented that Defendants intend to produce documents but do not intend to produce Devices. Because Mirakl, on November 24, 2020, proposed a reasonable and common Forensic Protocol, a copy of which is attached to this Motion as Exhibit 1, the Court should enter it as an order of this court and compel Defendants to comply with it and proceed expediently with discovery.

WHEREFORE, for the reasons set out in this Motion and Mirakl's Memorandum in Support, ECF 67, Mirakl respectfully requests that the Court:

(1) Compel each Defendant to produce, immediately and without objection, responses to all document requests that Mirakl served on April 27, 2021;

(2) Compel Defendants to ensure that each of their document productions includes, but is not limited to, all Devices from which any Defendant, or anyone acting on behalf of any Defendant, "ever has accessed any Mirakl files";

(3) Compel each Defendant to respond, immediately and without objection, to all interrogatories that Mirakl served on April 27, 2021;

(4) Enter the Forensic Protocol and Compel Defendants to produce responsive ESI in accordance with it; and

(5) Award Mirakl all fees and costs associated with making this motion and provide Mirakl with such further relief as the court deems just under the circumstances.

Respectfully submitted,

**MIRAKL, INCORPORATED**

By its attorney,

/s/Danielle Y. Vanderzanden
Danielle Y. Vanderzanden (BBO #563933)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile: (617) 994-5701
danielle.vanderzanden@ogletree.com


Brandon D. Kemp (*admitted pro hac vice*)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The Heritage Building
621 N. Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 546-3774
Facsimile: (405) 546-3775
brandon.kemp@ogletree.com

Dated: July 28, 2021

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

In accordance with Local Rule 7.1(a)(2) and 37.1(c), the undersigned hereby certifies that counsel for Mirakl repeatedly attempted to confer with counsel for Defendants by videoconference, telephone, and electronic mail, to reach agreement on and negotiate the terms of the Forensic Protocol and was unable to obtain the cooperation of counsel for Defendants on this matter. Moreover, on July 27, 2021, Mirakl's counsel and Defendants' counsel conferred via videoconference regarding Defendants' waiver of any potential discovery objections and Mirakl's Motion to Compel and Defendants' counsel informed Mirakl's counsel that Defendants would not produce the requested devices.

## CERTIFICATE OF SERVICE

I, Danielle Y. Vanderzanden, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") this 28th day of July, 2021.

/s/Danielle Y. Vanderzanden
Danielle Y. Vanderzanden

47972830.1