# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MIRAKL, INCORPORATED,<br><br>            Plaintiff,<br><br>v.<br><br>VTEX COMMERCE CLOUD SOLUTIONS, LLC, TYLER GREFF, ANDREW BROWNELL, JEREMY BLANFORD, GEORGE JYH-WEI CHANG, JOSEPH LEE, TIMOTHY SHAWN COCHRAN, AND KEVIN GREGORY YEE,<br><br>            Defendants.<br><br>GEORGE CHANG,<br><br>            Plaintiff-in-Counterclaim,<br><br>v.<br><br>MIRAKL, INC. and ADRIEN NUSSENBAUM,<br><br>            Defendants-in-Counterclaim. | Case No. 1:20-CV-11836-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>MOTION FOR APPOINTMENT OF INDEPENDENT FORENSIC EXAMINER</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1
I.   BACKGROUND ........................................................................................................1
II.  THE COURT SHOULD APPOINT AN INDEPENDENT EXAMINER TO
     REVIEW DEFENDANTS' DEVICE IMAGES FOR PLAINTIFF'S ALLEGED
     TRADE SECRETS .....................................................................................................3

## TABLE OF AUTHORITIES

**Page**

### Cases

### Rules and Regulations

**INTRODUCTION**

Defendants VTEX Commerce Cloud Solutions, LLC, Tyler Greff, Andrew Brownell, Jeremy Blanford, George Jyh-Wei Chang, Joseph Lee, Timothy Shawn Cochran, and Kevin Gregory Yee (collectively "Defendants"), by and through their undersigned counsel, Quinn Emanuel Urquhart & Sullivan LLP, hereby submit their Memorandum in Support of their Motion to Appoint a Forensic Examiner ("Mot.") pursuant to Federal Rule of Evidence 706.

**I.  BACKGROUND**

On August 13, 2021, Plaintiff Mirakl, Inc. ("Plaintiff") provided Defendants with a list of alleged Trade Secrets spanning 209 pages and bearing the designation of Highly Confidential – Attorneys' Eyes Only (the "List").  On August 16, 2021, Defendants' counsel requested that Plaintiff reduce the list to a reasonable length and remove the High Confidential – Attorneys' Eyes Only designation so that counsel could review the list with Defendants in preparing their responses to Plaintiff's interrogatories and requests for production.  *See* Mot., Ex. B at 3.

On August 17, 2021, Plaintiff's counsel rejected Defendants' request to reduce the length of the List, but did not address Defendants' request that the Highly Confidential – Attorneys' Eyes Only designation be removed to permit review by Defendants in preparation of their responses to Plaintiff's discovery requests.  *See id.* at 2-3.  Counsel then raised the subject of discovery of Defendants' electronic devices, stating that Plaintiff "expects that Defendants will produce the Devices requested in discovery for forensic review."  *See id.* at 2.  Counsel stated that "it is imperative that Defendants' produce the Devices that contain (or once contained) Mirakl's electronically stored information."  *See id.*  Counsel added that "[f]rom our previous conversations with your predecessors, we understand that these Devices are already in your or your predecessors' possession and have already been imaged."  *See id.*  Counsel concluded that "[a]s a compromise, if Defendants are willing to immediately produce the Devices for forensic review, Mirakl is willing

1

to work with Defendants regarding the timing of Defendants' written discovery responses and other document production." *See id.*

Defendants' counsel responded to Plaintiff's counsel on August 18, 2021, noting that Plaintiff's counsel had not responded to the key concern that Defendants could not review the List to prepare their responses to Plaintiff's discovery requests due to its designation as Highly Confidential – Attorneys' Eyes Only. *See id.* at 1-2. Thus, defendants' counsel reiterated their request that Plaintiff's counsel shorten the List and remove its Highly Confidential – Attorneys' Eyes Only designation. *See id.* at 1.

Defendants' counsel also proposed a path forward for discovery of Defendants' devices that would provide Plaintiff's counsel with any relevant materials on the devices and thereby satisfy many of the Plaintiff's purported concerns in this case, as follows:

1. <u>For the Individual Defendants' personal devices</u>: Defendants would produce images of the devices to Plaintiff's counsel with Highly Confidential – Attorneys' Eyes Only designations. Plaintiff's counsel would then identify to Defendants' counsel what on the devices Plaintiff's counsel consider to be trade secrets. Defendants' counsel would then agree to delete those materials from the devices, retaining a copy only to use in this litigation. Plaintiff's counsel likewise could keep a copy for use only in the litigation under the designation of Highly Confidential – Attorneys' Eyes Only.

2. <u>For the VTEX devices</u>: Defendants would retain the images of the devices, but produce to Plaintiff's counsel anything from them that is responsive to agreed search terms, again with Highly Confidential – Attorneys' Eyes Only designations. Plaintiff's counsel would then identify what of those results they consider to be trade secrets, and Defendants' counsel would delete those materials from the devices, retaining a copy only to use in this

2

litigation.  Plaintiff's counsel likewise could keep a copy for use only in the litigation under the designation of Highly Confidential – Attorneys' Eyes Only.

3. The due date for Defendants' responses and objections to Plaintiff's interrogatories and requests for production would be suspended while the production and searches of the device images are occurring, and pending Plaintiff's counsel's review of the information that is identified per the above.

*See id.*

Despite their earlier receptivity to a mutual path forward, Plaintiff's counsel rejected Defendants' proposed approach.  The Parties remain at an impasse regarding the production and review of images of the Defendants' devices.

**II.   THE COURT SHOULD APPOINT AN INDEPENDENT EXAMINER TO REVIEW DEFENDANTS' DEVICE IMAGES FOR PLAINTIFF'S ALLEGED TRADE SECRETS**

Defendants' counsel, who appeared in this case as successor counsel on August 4, 2021 (*see* Dkt. Nos. 69, 70), have made expeditious efforts to familiarize themselves with the facts and procedural posture of this case.  Counsel understand from their review that the production and review of the images of Defendants' devices taken by Defendants' predecessor counsel has become a predominant point of contention between the Parties.  Substantively, the contents of these devices underlie the bulk of Plaintiff's claims.

Pursuant to Federal Rule of Evidence 706, the Court is empowered to appoint an independent expert witness ("Court-appointed Examiner") to undertake discovery and review of the forensic device images.  *See* Fed. R. Evid. 706; *Reilly v. United States*, 863 F.2d 149, 155 (1st Cir. 1988).  Defendants contend that the appointment of such an independent expert would mutually satisfy the Parties, facilitate discovery, and hasten the movement of this case.  Defendants further would contend that the most equitable procedure governing the Court-appointed

3

Examiner's review would align with that offered by Defendants' counsel to Plaintiff's counsel on August 18, 2021.  Specifically: Defendants counsel would produce images of all of the devices in their possession to the Court-appointed Examiner with Highly Confidential – Attorneys' Eyes Only designations; the Court-appointed Examiner would review the devices by running searches based on a list of search terms to which the Parties agree beforehand; Plaintiff's counsel would then identify what of those results they consider to be trade secrets; Defendants' counsel would delete those identified materials from the devices; and both Parties' counsel could retain a copy of those materials only to use in this litigation under the designation of Highly Confidential – Attorneys' Eyes Only.

Defendants submit that this proposal is fair and mutually beneficial path forward for the discovery of the relevant devices, which has become a chief issue in this case, and would be an efficient use of the Court's and the Parties' resources.  The identification of those documents on the Defendants' devices that Plaintiff believes are trade secrets should enable Defendants to respond to Plaintiff's other discovery requests shortly thereafter.  To avoid duplication of efforts in discovery and to narrow the expenditure of resources in this case, Defendants respectfully request that other discovery be stayed until the Court-appointed Examiner has completed its duties.

Defendants have attached a Proposed Order as <u>Exhibit A</u> to their Motion.

Dated: August 20, 2021                               Respectfully submitted,

/s/ *Harvey Wolkoff*
Harvey Wolkoff (BBO# 532880)
Gregg Badichek (BBO# 706270)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
harveywolkoff@quinnemanuel.com
greggbadichek@quinnemanuel.com

*Attorneys for Defendants VTEX Commerce Cloud Solutions, LLC, Tyler Greff, Andrew Brownell, Jeremy Blanford, George Jyh-Wei Chang, Joseph Lee, Timothy Shawn Cochran, and Kevin Gregory Yee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed today through the Court's ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by U.S. Mail to those indicated as non-registered participants on August 20, 2021.

                                                         /s/ *Harvey J. Wolkoff*
                                                          Harvey J. Wolkoff