# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRAKL, INCORPORATED, | ) |
|         Plaintiff, | ) |
| v. | ) |
| VTEX COMMERCE CLOUD SOLUTIONS, LLC, TYLER GREFF, ANDREW BROWNELL, JEREMY BLANFORD, GEORGE JYH-WEI CHANG, JOSEPH LEE, TIMOTHY SHAWN COCHRAN, AND KEVIN GREGORY YEE, | ) Case No. 1:20-CV-11836-RWZ |
|         Defendants. | ) |
| GEORGE CHANG, | ) |
|         Plaintiff-in-Counterclaim, | ) |
| v. | ) |
| MIRAKL, INC. and ADRIEN NUSSENBAUM, | ) |
|         Defendants-in-Counterclaim. | ) |

## **DEFENDANTS' MOTION FOR ENTRY OF [PROPOSED] FORENSIC PROTOCOL**

Pursuant to the Memorandum and Order of the United States District Court for the District of Massachusetts ("the Court") entered on October 4, 2021 in the above-captioned matter (Dkt. No. 88), VTEX Commerce Cloud Solutions, LLC ("VTEX"), Tyler Greff, Andrew Brownell, Jeremy Blanford, George Jyh-Wei Chang, Joseph Lee, Timothy Shawn Cochran, and Kevin Yee (the "Individual Defendants," and together with VTEX, the "Defendants") hereby submit for the Court's consideration and entry their [Proposed] Forensic Protocol for the independent forensic examiner in this case, attached hereto as Exhibit 1.

After the Court entered its Memorandum and Order, Defendants and Mirakl, Incorporated ("Mirakl" or "Plaintiff") (collectively, the "Parties") engaged in discussions to attempt to agree to an independent forensic examiner and a joint forensic protocol for the independent forensic examiner. The Parties were able to jointly select Berkeley Research Group, LLC ("BRG") to serve as independent forensic examiner. While both Parties modified their original protocols, the Parties were unable to agree on a joint forensic protocol.

Defendants submit that their [Proposed] Forensic Protocol is straightforward, and implements the Court's Order of October 4, 2021. Pursuant to Defendants' protocol, the agreed-upon independent examiner will run jointly determined search terms across 29 different devices and email accounts of the Defendants. Following a privilege review, the Parties will be provided with the relevant documents that hit on the search terms. Mirakl can then identify which of the documents it claims contain its trade secrets, if any, and Defendants will destroy them (although both Parties will retain copies for use in this litigation). The costs of such review will be split evenly between the Parties. Defendants also included a paragraph allowing for the parties to meet and confer as to a subsequent forensic analysis, including any additional metadata, if the relevant devices yield a material number of Mirakl trade secrets. *See* ¶ 11 of the [Proposed] Forensic Protocol. This proposed process will allow the Parties to identify quickly and cost-effectively which, if any, devices or email accounts are relevant to the litigation, and will provide for the destruction of any documents containing Mirakl's trade secrets.

In contrast, Plaintiff's proposed forensic protocol provides for a full forensic analysis of every imaginable device in the possession of every Individual Defendant "able to contain information in any electronic or digital form" (which could include, for instance, e-readers and digital watches), before running a single search term. Moreover, Plaintiff's protocol once again

provides for the production of full images of any devices that include even one search term hit to Plaintiff—not limited to images of the trade secrets as the Court ordered, or even just limited to images of devices that contain trade secrets. So, for example, if a laptop image contains one hit on the term "Mirakl" even if it is in a copy of a Defendant's resume, then Plaintiff would get the full image of that device. Plaintiff's protocol thus contains provisions that the Court has previously rejected. (Dkt. No. 88). And Plaintiff's protocol calls for the creation of yet another protocol covering the bounds of a privilege review across those complete images—which will take a substantial amount of time and cost considerable money. With respect to cost, Plaintiff's protocol allocates the vast majority of the cost of all of this forensic analysis to Defendants, providing that the costs be split "pro rata" among the Parties—so Plaintiff would pay $1/9^{th}$ despite this being its own discovery request. The Court should thus decline to enter Plaintiff's proposed protocol for the same reasons it denied Plaintiff's prior proposed protocol, as the two are essentially the same—seeking unbounded forensic discovery and production of full images of every device that every Individual Defendant had in his possession, regardless of whether there is any reason to believe such device contains Plaintiff's trade secrets.

Accordingly, Defendants respectfully move that the Court enter their [Proposed] Forensic Protocol and reject Plaintiff's proposed forensic protocol.

-4-

                                      Respectfully submitted,

Dated: October 21, 2021          /s/ *Harvey J. Wolkoff*
                                      Harvey J. Wolkoff (BBO# 532880)
                                      Gregg Badichek (BBO# 706270)
                                      QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
                                      111 Huntington Avenue, Suite 520
                                      Boston, MA 02199
                                      Tel: (617) 712-7100
                                      harveywolkoff@quinnemanuel.com
                                      greggbadichek@quinnemanuel.com

                                      *Attorneys for Defendants*

## LOCAL RULE 7.1 CERTIFICATION

I certify that counsel for Defendants complied with the provisions of Local Rule 7.1 by conferring with counsel for Plaintiffs on October 15, 2021 and October 17, 2021 with regard to the filing of this motion.

Dated: October 21, 2021

/s/ *Harvey J. Wolkoff*
Harvey J. Wolkoff

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic copies will be sent to those indicated as non-registered participants on this the 21st day of October, 2021.

/s/ *Harvey J. Wolkoff*
Harvey J. Wolkoff